**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| GABRIEL NATHAN SMITH, § | |
| No. 30867-177, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No.3:03-CR-0300-K |
| § | (No.3:05-CV-0783-K) |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: Gabriel Nathan Smith ("Smith" or "Movant") has filed a motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

Statement of the Case: Pursuant to a plea agreement on January 8, 2004, Movant pled guilty to conspiracy to possesses with intent to distribute and to distribute methamphetamine, as charged in count one of the indictment, and to being a felon in possession of a firearm, as alleged in count seven. He was sentenced on April 29, 2004 to 135 months in the penitentiary on count one and 120 months on count seven, with the sentences to run concurrently, followed by a four year term of supervised release. Smith did not appeal, and therefore his conviction became final on May 16, 2004. *See* Fed. R. App. P. 4(B)(1)(A)(i).

1

Movant filed his § 2255 motion on April 18, 2005.[1] Respondent filed its response in opposition on July 11, 2005. Smith filed a reply on August 12, 2005.

<u>Findings and Conclusions</u>: In his first ground for relief Smith alleges that the District Court violated his rights under the Fifth and Sixth Amendments in determining the amount of methamphetamine for which he was responsible - in excess of the amount stipulated in the plea agreement, and in finding that he possessed a firearm during the commission of the offense - by a preponderance of the evidence in lieu of proof beyond a reasonable doubt.

Although Smith cites no authority in support of this ground, it appears that he relies on the Supreme Court's recent opinion in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 756 (2005). However, *Booker* applies only to cases on direct appeal, *id.* at 769, and is not available to prisoners collaterally attacking their convictions.[2]

In his second ground for relief, Movant asserts that he was denied effective assistance of counsel because his attorney failed to object to the District Court's standard of proof in finding

---

[1]The date on which he presumptively placed his motion in the prison main system. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir.1998)(per curiam).

[2]Although the Fifth Circuit has not yet expressly addressed a *Booker* claim in the context of an initial § 2255 motion, *but see In re Elwood*, 408 F.3d 211 (5th Cir. 2005), in which the Fifth Circuit refused to grant leave to a habeas petitioner to file a successive § 2255 motion predicated on the *Booker* decision, in accordance with the Supreme Court's statement in *Booker*, each court of appeal which has addressed this issue has refused to consider a *Booker* claim asserted in a collateral attack (28 U.S.C. §§ 2254 and 55). *E.g,, United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *Cirilo-Muñoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir.),*cert denied* __ U.S. __, 125 S.Ct. 2559 (2005); *Green v. United States*, 397 F.3d 101 (2nd Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *see also Rosales v. United States*, 2005 WL 840122 (N.D. Tex. Apr.11, 2005); *Arvizo-Pena v. Medellin*, 2005 WL 734996 (N.D. Tex. Mar. 31, 2005); *United States v. Jordan*, 2005 WL 598449 (N.D. Tex. Mar. 10, 2005).

the facts referred to in his first ground.  An attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065.  To overcome this presumption a habeas movant must establish that the attorney's conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice).  Failure to prove either prong of the two part test forecloses relief. *Id* at 698, 104 S.Ct. at 2069.

     Smith has cited no case law specifically holding that he was entitled to have the exact amount of methamphetamine at issue or the possession of a firearm during the commission of the offense proved beyond a reasonable doubt.  At the time Movant was sentenced the law in the Fifth Circuit did not require proof beyond a reasonable doubt of factual determinations made by the sentencing court when applying the sentencing guidelines, so long as the sentence imposed did not exceed the statutory maximum sentence authorized by the offense to which the defendant plead guilty or which was authorized by the jury's verdict upon a plea of not guilty. *See, e.g., United States v. Clinton*, 256 F.3d 311, 314 (5th Cir. 2001).  The fact that *Booker* has changed the proof which is now required does not demonstrate that Smith's attorney's representation was constitutionally deficient. "The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial." *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998)(citing *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838 (1993)); *see also Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir.), *cert denied* 537 U.S. 1040, 123 S.Ct. 582 (2002) and *Means v. Johnson*, 138 F.3D 1007, 1012 (5th Cir. 1988).  In light of the law at the

time of Smith's sentencing, there was no basis for objecting to the District Court's findings made by a preponderance of the evidence and therefore he cannot satisfy the "cause" prong of the *Strickland* test.[3]

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the Smith's 28 U.S.C. § 2255 motion.

A copy of this recommendation will be served on Movant and on counsel for the government.

Signed this 16th day of August, 2005.

_____
Wm. F. Sanderson, Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3]Since a habeas movant muse establish both "cause" and "prejudice," it is unnecessary to address the "prejudice" prong. *See Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696 (2001).